IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2021-CA-001769
DIVISION: CV-D

**JOHN CRUM,**

Plaintiff,

**vs.**

**R.J. CORMAN RAILROAD CONSTRUCTION, LLC.**, a Foreign Limited Liability Company, **ROBERT SPALDING,** as individual employee of R.J. CORMAN RAILROAD CONSTRUCTION, LLC., and **METROPOLITAN CASUALTY INSURANCE COMPANY,** a Foreign Profit Corporation,

Defendants.
_________________________________/

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, JOHN CRUM, by and through the undersigned attorneys, and sues Defendants, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., a Foreign Limited Liability Company, and ROBERT SPALDING, as individual employee of R.J. CORMAN RAILROAD CONSTRUCTION, LLC., and alleges:

**COMMON ALLEGATIONS AS TO ALL COUNTS:**

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet *for*



ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 06/01/2021 02:42:58 PM

*jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, including November 18, 2019, Plaintiff, JOHN CRUM, was a natural person and resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, including November 18, 2019, Defendant, R.J.. CORMAN RAILROAD CONSTRUCTION, LLC., was and remains a Foreign Limited Liability Company, authorized to do business and doing business in Jacksonville, Duval County, Florida.

4. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, is believed to be a natural person and resident of Lexington, Kentucky.

5. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, was an employee of Defendant, R.J.. CORMAN RAILROAD CONSTRUCTION, LLC..

6. On or about November 18, 2019, Plaintiff, JOHN CRUM, was operating a 2008 Jeep Grand Cherokee motor vehicle while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

7. On or about November 18, 2019, Defendant, ROBERT SPALDING, operated and/or maintained an 2020 Kia Rio while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

8. At all times material hereto, including, November 18, 2019, Defendant, ROBERT SPALDING, was operating the subject vehicle for Defendant, R.J.. CORMAN RAILROAD CONSTRUCTION, LLC., within the course and scope of his employment with Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC.., southbound in the 600 block of Chaffee

Road South, in Jacksonville, Duval County, Florida.

9. At the time and place described above, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the subject motor vehicle so that it collided with the motor vehicle occupied by Plaintiff, JOHN CRUM.

10. As a direct and proximate result of the foregoing negligence, Plaintiff, JOHN CRUM, has suffered bodily injury within a reasonable degree of medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

11. Venue is proper as the crash occurred in Duval County, Florida.

**COUNT I**
**(JOHN CRUM V. R.J. CORMAN RAILROAD CONSTRUCTION, LLC.)**

Plaintiff, JOHN CRUM, realleges paragraphs 1 through 11 as though fully set forth herein.

12. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, was employed with Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC.

13. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, was operating the subject vehicle for Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., within the course and scope of his employment for Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC.

14. At all times material hereto, including November 18, 2019, Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., is vicariously responsible through the acts of

Defendant, ROBERT SPALDING, during the time that Defendant, ROBERT SPALDING, operated and/or maintained the subject vehicle within the course and scope of his or her employment with Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., on November 18, 2019.

15. At all times material hereto, including November 18, 2019, at the above-described place, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the above-described subject vehicle with the knowledge and consent of Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

16. As a result of the above-described negligence, the Plaintiff, JOHN CRUM, suffered bodily injury within a reasonable degree of medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

**WHEREFORE,** Plaintiff, JOHN CRUM, demands judgment against Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., for damages, costs of this action, interest, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

**COUNT II**
**(JOHN CRUM V. ROBERT SPALDING)**

Plaintiff, JOHN CRUM, realleges paragraphs 1 through 11 as though fully set forth herein.

17. Defendant, ROBERT SPALDING, had a duty to act reasonably and use due care

while driving.

18. Defendant, ROBERT SPALDING, had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of Florida, to maintain proper speed for the conditions, to reduce the speed of his vehicle to avoid an accident, to maintain a proper distance between vehicles, to maintain his or her vehicle within his lane and to pay full time and attention to the operation of his or her vehicle and to avoid a collision.

19. Defendant, ROBERT SPALDING, breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of Florida, failing to maintain proper speed for the conditions, failing to reduce speed of his vehicle to avoid an accident, failing to maintain a proper distance between vehicles, by failing to control the vehicle in order to avoid a collision.

20. At all times material to, including November 18, 2019, at the above-described place, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the above-described subject vehicle so that a collision occurred between the subject vehicle operated by Defendant, ROBERT SPALDING, and the vehicle operated by Plaintiff, JOHN CRUM.

21. As a result of the above-described negligence of Defendant, ROBERT SPALDING, the Plaintiff, JOHN CRUM, suffered bodily injury within a reasonable degree of medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable

degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

**WHEREFORE,** Plaintiff, JOHN CRUM, demands judgment against Defendant, ROBERT SPALDING, for damages and costs of suit, together with such other relief as the Court may deem appropriate and demands a trial by jury on all issues so triable.

**COUNT III**
**(JOHN CRUM v. METROPOLITAN CASUALTY INSURANCE COMPANY)**

Plaintiff, JOHN CRUM, realleges and reaffirms paragraphs 1 - 11 as set forth above.

22. Prior to November 18, 2019, a policy of insurance was purchased from Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY ("METLIFE"), including uninsured/underinsured coverage, which provided uninsured/underinsured coverage to the Plaintiff at the time of the subject motor vehicle accident.

23. At all times material hereto, Plaintiff, JOHN CRUM, had uninsured/underinsured motorist coverage with the Defendant, METLIFE, under the terms and conditions of automobile policy number 283013479-0. Attached hereto as Exhibit "A" is the declaration sheet of coverage disclosed by the Defendant, METLIFE.

24. On or about November 18, 2019, Defendant, ROBERT SPALDING, operated and/or maintained an 2020 Kia Rio while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

25. At all times material hereto, including, November 18, 2019, Defendant, ROBERT SPALDING, was operating the subject vehicle for Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC., within the course and scope of his employment with Defendant, R.J. CORMAN RAILROAD CONSTRUCTION, LLC.., southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

26. At the time and place described above, Defendant, ROBERT SPALDING,

negligently operated and/or negligently maintained the subject motor vehicle so that it collided with the motor vehicle occupied by Plaintiff, JOHN CRUM.

27. As a direct and proximate result of the foregoing negligence, Plaintiff, JOHN CRUM, suffered bodily injury within a reasonable medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of income, diminished earning capacity, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

28. At the time of the aforesaid collision, Defendants, ROBERT SPALDING and R.J. CORMAN RAILROAD CONSTRUCTION, LLC., were an uninsured/underinsured motorist, as that term is defined in Plaintiff's policy and at §627.727, Florida Statutes, and as applicable case law interprets same.

29. METLIFE is obligated to pay monetary damages to Plaintiff, JOHN CRUM, as a result of the permanent injuries Plaintiff sustained in the aforesaid motor vehicle collision.

30. METLIFE has refused to honor its obligations to Plaintiff, JOHN CRUM, under the uninsured/underinsured motor vehicle policy provision of the aforesaid insurance contract.

31. Plaintiff, JOHN CRUM, has complied with all conditions precedent to the filing of this action.

**WHEREFORE,** Plaintiff, JOHN CRUM, demands judgment against Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 27th day of May, 2021.

**MORGAN & MORGAN**

_/s/ M. Antoine Pecko____________________
**M. ANTOINE PECKO, ESQUIRE**
FBN: 103929
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary email: apecko@forthepeople.com
Secondary email: jenniferdavis@forthepeople.com;
Alternative: tkendall@forthepeople.com
Telephone: (904) 398-2722
Facsimile: (904) 361-7220
Attorney for Plaintiff